11-3656
Lin v. Holder

BIA
Chew, IJ
A087 467 426

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fourteen.

PRESENT:
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

KE LIN,
        *Petitioner,*

        v.                                11-3656
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Douglas B. Payne, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Jennifer Williams,
                       Senior Litigation Counsel; Colette
                       J. Winston, Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ke Lin, a native and citizen of the People's Republic of China, seeks review of an August 31, 2011 order of the BIA affirming the April 15, 2010 decision of Immigration Judge ("IJ") George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ke Lin*, No. A087 467 426 (B.I.A. August 31, 2011), *aff'g* A087 467 426 (Immig. Ct. N.Y. City April 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Lin does not challenge the agency's denial of CAT relief, we consider only his claims for asylum and withholding of removal.

Lin asserts that he suffered past persecution at the hands of teachers and employers who discriminated against him and schoolmates who beat him due to his mental disability. This Court has held that "it is well established that private acts may be persecution if the government has proved unwilling to control such actions." *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). However, as the agency reasonably found, the 2009 State Department Country Report for China demonstrates that the Chinese government is willing to protect persons with disabilities, prohibiting discrimination against persons with disabilities, criminalizing physical abuse of disabled children, and providing thousands of persons with disabilities with job-placement and training services and incentives to employers who hire persons with disabilities. Because Lin could, but did not, attempt to avail himself of those protections, the agency reasonably found that he failed to show that the Chinese government was unable or unwilling to protect him from persecution. *Cf. Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir. 2005) (finding that the IJ erred by attaching adverse weight to Jewish petitioner's failure to report

3

persecution to police where evidence indicated that the police were antisemitic).

The agency also reasonably found that Lin failed to establish that his fear that the Chinese government would sterilize him was objectively reasonable. The 2009 Country Report indicated only that married couples that may transmit disabling congenital defects to their children may be required to use contraception or undergo sterilization. Because, as Lin concedes, his disability is not congenital and he did not allege that he was subjected to or threatened with sterilization when he married his wife, the agency reasonably found that he would not be subject to family planning measures based on his disability. Contrary to Lin's argument that the law may be expanded in the future to include persons with noncongenital defects, that fear is speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Because Lin was unable to establish his eligibility for asylum, he necessarily failed to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk